**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cr-00278-SEB-DLP |
| ) | Case No. 1:19-cr-00006-SEB-DLP |
| CARLOS INGRAM, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON EMERGENCY MOTION FOR PRE-TRIAL RELEASE**
**AND FOR SELF-SURRENDER AFTER SENTENCING**

This matter is before the Court on Defendant, Carlos Ingram's ("Mr. Ingram") Emergency Motion for Pre-Trial Release and for Self-Surrender After Sentencing (Filing No. 49; Filing No. 60). Mr. Ingram asks the Court to grant him release from pretrial detention due to the Coronavirus ("COVID-19") pandemic. The Government filed a Response in Opposition on July 20, 2020. (Filing No. 55; Filing No. 65.) For the following reasons, Mr. Ingram's Motion is **denied**.

**I. BACKGROUND**

Mr. Ingram is 41-year-old, and he is presently detained at Grayson County Detention Center in Leitchfield, Kentucky. On August 29, 2018, Mr. Ingram was charged by a Criminal Complaint (and later by Indictment) in Case No. 1:18-cr-00278 with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On January 8, 2019, Mr. Ingram was charged by Indictment (and later by Superseding Indictment) in Case No. 1:19-cr-00006 with Possession with Intent to Distribute Fentanyl and Possession with Intent to Distribute Methamphetamine – both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He appeared before the Magistrate Judge for a detention hearing in both cases on January 24, 2019. The Magistrate Judge determined by clear and convincing evidence that no condition or combination of conditions of release will

reasonably assure the safety of any other person and the community. (Filing No. 25.)  He was remanded to the custody of the U.S. Marshal.  The Court cited as reasons for detention that (1) prior criminal history, (2) participation in criminal activity while on probation, parole, or supervision, (3) history of violence or use of weapons, (5) prior failure to appear in court as ordered, and (6) prior attempt(s) to evade law enforcement. violations of probation, parole, or supervised release.  (Filing No. 25 at 2-3.)

On September 25, 2019, a Petition to Enter a Plea of Guilty and Plea Agreement was filed in both cases and Mr. Ingram agreed to plead guilty to the counts in the Indictments.  (Filing No. 42; Filing No. 53.)  The final pre-sentence investigation report was filed on April 29, 2020. (Filing No. 44; Filing No. 55.)  A change of plea and sentencing hearing is currently scheduled for July 30, 2020 in both cases.

Mr. Ingram requests temporary release to home incarceration due to the presence of COVID-19 at the Grayson Detention Center, a generalized fear of contracting COVID-19, and because he suffers from an acute anxiety disorder and a chronic major depressive disorder. He assert that his mental health conditions "are exacerbated by the proximity of the deadly coronavirus". (Filing No. 49.)  Mr. Ingram requests pretrial release and supervision by the United States Probation Office pursuant to 18 U.S.C. § 3142(i), because he is a person at risk for serious illness from COVID-19.  He asks that he be released pending sentencing and permitted to self-surrender to the Bureau of Prisons.  Mr. Ingram proffers that he would reside in Indianapolis, Indiana, where he could be placed on home incarceration and quarantined to his home.

## II. ANALYSIS

As an initial matter, the Court determines that a hearing is not necessary.  When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of

the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

The Government opposes Mr. Ingram's release arguing that his release under any circumstances represents an unacceptable danger to our community and a substantial risk of non-appearance. They assert that Mr. Ingram has a serious criminal history which spans 22 years and includes seven felony convictions for possession of and dealing in cocaine, criminal confinement, theft, firearm possession by a serious violent felon, and two separate convictions for criminal recklessness. (Filing No. 55 at 4.) In addition, the Government asserts that Mr. Ingram was on pre-trial release for a Marion County drug case when he was arrested for illegal possession of a firearm, indicating that he is either unwilling or unable to comply with conditions of release. *Id.*

At the Court's request, the United States Probation Office has assessed whether any conditions or combination of conditions would ensure safety of the community if Mr. Ingram were released due to the COVID-19 pandemic. According to the actuarial tables in the probation Risk Instrument, Mr. Ingram is a risk Category 4. He has a 6% chance of failing to appear; a 9% chance of obtaining a new criminal arrest; a 15% chance of having a technical violation; and an overall risk of violating release conditions of 29%. The risk Category 4 indicates that Mr. Ingram is a moderate risk of flight and/or danger to the community. The probation officer points out that at the time of his original detention interview, he did not cite any health problems and stated he was in "excellent physical health." (Filing No. 53.)

It is undisputed that the entire United States—including Indiana and Kentucky—is in the midst of a COVID-19 pandemic. Mr. Ingram seeks release from detention because the COVID-19 virus attacks the elderly and those with underlying health conditions. He cites his acute anxiety disorder and chronic major depressive disorder as the basis for release. The Center for Disease Control has recognized that people with pre-existing mental health conditions may respond more negatively to the stress of the pandemic. However, Mr. Ingram is 41 years old and in good physical health. His mental health conditions alone do not place him in category deemed at risk for serious illness if he should contract the COVID-19 virus. The mere existence of COVID-19 and the possibility that it may spread to a particular facility does not present a change in circumstance to justify release. Mr. Ingram's Risk Score of Category 4 places him at a moderate risk of flight and/or danger to the community if released. His long history of multiple convictions—including for crimes of violence—creates a major concern for the Court. The Court finds that Mr. Ingram's circumstances have not changed to an extent that would warrant his release from detention on the eve of his change of plea and sentencing hearing. The resources of the United States Probation Office are presently limited, and the Court finds no combination of conditions exist that will ensure the safety of the community if Mr. Ingram is released. Therefore, the Motion is **denied**.

### III.  CONCLUSION

For the reasons set forth above, Mr. Ingram's Emergency Motion for Pre-Trial Release and for Self-Surrender After Sentencing (Filing No. 49; Filing No. 60) is **DENIED**.

**SO ORDERED.**

Date:  7/24/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jessie A. Cook
LAW OFFICE OF JESSIE A. COOK
jessieacook@icloud.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov